EICHLER v. UNITED STATES.

(Circuit Court, S. D. New York. February 7, 1896.)

No. 1,723.

CUSTOMS DUTIES—CLASSIFICATION—PERIODICALS.

German novels translated into English, printed at stated intervals, and imported in pamphlet form, cannot be classed as "periodicals," under paragraph 657 of the act of 1890, where there is nothing to show whether they were written in the present time or many years ago. Such publications are dutiable, under paragraph 423, as books, etc.

Appeal by the importer from a decision of the board of general appraisers which sustained the classification of the collector upon the merchandise in question.

Stephen G. Clarke, for plaintiff.

J. T. Van Rensselaer, Asst. U. S. Atty.

COXE, District Judge (orally). The simple question involved is whether or not the importations are "periodicals," under paragraph

657 of the act of 1890. I do not understand that the court is concluded by any prior adjudication. The first decision cited was made under a former act and, therefore, the law was different; the second was made under the present act, but the facts are different. In the second case (New York Daily News v. U. S., 13 C. C. A. 16, 65 Fed. 493) decided by the circuit court of appeals, I think there was no question but that the importations were periodicals containing the current literature of the day. In the present case the burden is upon the importer to satisfy the court that the facts stated in his protest are correct. He must show that his importations are periodicals, and are so within the definition of paragraph 657, that is, that they are "unbound or paper-covered publications," and that they contain the "current literature of the day and are issued regularly at stated periods." The facts are undisputed that these importations are German novels printed at stated periods, in the English language, and sent here in pamphlet form. There is nothing upon the record to show whether the authors are dead or alive, whether they were written at the present time or whether they are a quarter of a century old. It seems to me that the contention of the importer, if carried to its logical conclusion, will enable any person so desiring to avoid the provisions of paragraph 423 of the act as to books by simply putting them in the form of pamphlets. If the stories in this case can be imported as periodicals, so the works of Goethe or Schiller can be split up into pamphlets and sent here at stated periods, and will unquestionably come in under paragraph 657. It was not the intention of congress to give to the word "periodicals" such a definition. By "current literature of the day" is meant substantially what was decided to be current literature in the case before the circuit court of appeals. A construction which enables any book, whether belonging to fiction or science, whether a novel, scientific work, or encyclopedia, to be brought here under paragraph 657, simply because it appears in separate parts published at stated periods, could not have been contemplated. The decision of the board of general appraisers should be affirmed.